UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEWAUN A. BERRY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-4226 |
| | ) | |
| SHERIFF BUSTOS and CAPTAIN LAPE, | ) | |
|    Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff alleges Sheriff Bustos and Captain Lape violated his constitutional rights at the Rock Island County Jail. Specifically, Plaintiff says he has been deprived of an hour of recreation time. Plaintiff notes the jail has a gym, but it is used for segregation. "[T]he outside area in which we are to get fresh air is not being used at all and the weight room is being used for the Correctional Officer(s)." (Comp., p. 1). Plaintiff has provided a copy of his grievance and the response from Defendant Captain Lape who states: "We follow the guideline provided by the State of Illinois." (Comp., p. 9).

1

While a lack of exercises can rise to the level of a constitutional violation, Plaintiff has not provided enough factual support to clearly articulate a claim. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1986); *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995). For instance, the only time frame provided in his Plaintiff's complaint is October 21, 2020. Was Plaintiff denied recreation time on one day or for a longer time period? *See Knight v. Walker*, 2008 WL 4857002, at *3 (S.D.Ill. Nov. 10, 2008)(short-term denial of exercise does not state a constitutional violation)(citing cases). Was Plaintiff allowed all out-of-cell time or just denied time in a gym or on the yard? Did the denial have any impact on Plaintiff?

In addition, Plaintiff makes no reference to Sheriff Bustos in his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Furthermore, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Instead, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights" in order to hold those defendants liable under Section 1983.

*Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id., quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Finally, Plaintiff does not state whether he was a pretrial detainee or a convicted prisoner at the time of his allegations and therefore it is unclear if Plaintiff's claim is pursuant to the Eighth Amendment or the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015). For instance, "a pretrial detainee is entitled to be free from conditions that constitute 'punishment,' and a prisoner is entitled to be free from conditions that amount to 'cruel and unusual punishment.'" *Phillips v. Illinois*, 2018 WL 2412400, at *2–3 (S.D.Ill. May 29, 2018), *quoting Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In either case, the alleged conditions must be objectively serious, and the prison official must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309.

If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint within 21 days of this order. The amended complaint must stand complete on its own, must include all claims and defendants, and must not refer to the original complaint. In addition, Plaintiff's amended complaint must clearly state if he was a pretrial detainee awaiting a resolution of pending charges, or whether he was a convicted prisoner at the time of his allegations. Plaintiff's amended complaint must also address the remaining questions raised in this order.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not demonstrated any attempt to find counsel on his own such as copies of letters sent or received, or a list of attorneys contacted. Therefore, his motion is denied with leave to renew. [5].

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint in compliance with this order within 21 days or on or before December 30, 2020. If Plaintiff fails to file his amended complaint on or before December 30, 2020 or fails to follow the Court's directions, his case will be dismissed without prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

ENTERED this 8th day of December, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE