UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEWAUN A. BERRY,  )
   Plaintiff,  )
  )
vs.  )  Case No. 20-4226
  )
SHERIFF BUSTOS and CAPTAIN LAPE,  )
   Defendants.  )

## MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [8].

## I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted. *See* December 8, 2021 Text Order.  For instance, Plaintiff complained about a lack of exercise and out-of-cell time, but he did not provide any factual support for his claim.  In addition, Plaintiff made no mention of Defendant Sheriff Bustos in his complaint and he was reminded he could not sue an individual pursuant to 42 U.S.C. §1982 simply because he or she was a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Plaintiff was given additional time to file an amended complaint and instructions to assist him. *See* December 8, 2020 Merit Review Order.  Plaintiff was advised if he failed to file an amended complaint or failed to follow the Court's directions, his case

would be dismissed without prejudice *See* December 8, 2020 Merit Review Order, p. 4. In addition, Plaintiff was advised he should indicate whether he was a pretrial detainee or a convicted prisoner at the time of his allegations.

A few days later, Plaintiff filed a proposed amended complaint which ignored the Court's directions. [7]. The Court again pointed to specific deficiencies in Plaintiff's proposed complaint. *See* February 19, 2021 Text Order. Plaintiff's amended complaint also referred to incidents as far back as 2013. Plaintiff was reminded any claim must be within the two-year statute of limitations period. *See* February 19, 2021 Text Order, *citing Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

Plaintiff's amended complaint was dismissed for failure to state a claim upon which relief could be granted and for failure to follow a Court order. *See* February 19, 2021 Text Order. Plaintiff was allowed one final opportunity to file an amended complaint and directions to assist him in clarifying his claims.

## II. MERIT REVIEW

Plaintiff has now filed his second motion for leave to file an amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [8]. Plaintiff has identified only one Defendant: Sheriff Bustos.

Plaintiff says he has been incarcerated at the Rock Island County Jail from August 29, 2020 to the filing of his amended complaint. Plaintiff does not state whether he was a pretrial detainee or a convicted prisoner during the relevant time period.

Based on Rock Island County public records, it appears Plaintiff is a pretrial detainee awaiting trial.[1]

Plaintiff complains about his living conditions in the jail. Plaintiff says he has been denied any gym time since September 1, 2020. The gym was instead used for inmates on suicide watch. Plaintiff also says there is no other exercise area in the jail and he is not allowed to use an outside area for exercise. Plaintiff says he is losing weight and muscle mass and the continued lack of exercise is impacting his mental health.

Plaintiff further states he has been forced to sleep on the day room floor throughout his stay, there is black mold in the showers, and he is exposed to "dirty unclean recycled air." (Sec. Amd. Comp., p. 5).

For purposes of notice pleading, Plaintiff has articulated a violation of his Fourteenth Amendment rights based on his living conditions at the Rock Island County Jail. "A pretrial detainee states a conditions-of-confinement claim under the Fourteenth Amendment if he was subjected to conditions that were 'objectively unreasonable' and 'excessive in relation to any legitimate non-punitive purpose.'" *Smith v. Brown-Foiles*, 2020 WL 6889248, at *5 (S.D.Ill. Nov. 24, 2020) *quoting Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019).

---

[1] JUDICI, Rock Island County, IL | Case History (judici.com), (last visited April 28, 2021).

Plaintiff further alleges he has not been allowed to use the law library. To state a violation of his constitutional rights, Plaintiff must allege: "(1) prison officials failed to help him prepare and file meaningful legal papers, and (2) he lost a valid legal claim or defense because of the challenged conduct." *Cox v. Inch*, 2018 WL 1336091, at *6 (S.D.Ill. March 15, 2018), *citing Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir.2006). Plaintiff has not alleged an "actual injury" resulting from interference with a "nonfrivolous legal claim." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009), *quoting Lewis v. Casey*, 518 U.S. 343, 355 (1996). Therefore, Plaintiff has failed to articulate a claim concerning a denial of law library time.

The Court will dismiss Defendant Captain Lape since he is no longer identified as a Defendant the second amended complaint. Plaintiff is reminded he must show Defendant Bustos was personally responsible for the deprivation of his rights in order to hold him liable under Section 1983. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id., quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith,* 550 F.3d at 616 (supervisor liability not permitted under § 1983).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the second amended complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Sheriff Bustos violated his Fourteenth Amendment rights based on his living conditions from August 29, 2020 to the filing of his complaint including a lack of exercise and out of cell time, sleeping on the floor, black mold in the showers, and uncirculated, unclean air. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file a second amended complaint, [8]; 2) Dismiss Defendant Captain Lape as he is no longer identified as a Defendant in the second amended complaint; 3) Attempt service on Defendant Bustos pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of April, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE